IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC BAKER,
    Plaintiff,

v.

CIVIL ACTION NO. 18-CV-4313

FRANK SACKOSKY, *et al.*,
    Defendants.

## MEMORANDUM

**BEETLESTONE, J.**                                                                         **OCTOBER 15, 2018**

Plaintiff Eric Baker, a prisoner incarcerated at SCI Houtzdale, brings this civil action pursuant to 42 U.S.C. § 1983 against several officers of the Philadelphia Police Department based on allegations that they omitted exculpatory information from an arrest warrant that led to his arrest, detention, and ultimately his prosecution and conviction. Baker also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Baker leave to proceed *in forma pauperis* and dismiss the Complaint.

### I.    FACTS[1]

According to the Complaint, Baker was arrested on November 13, 2015 pursuant to an arrest warrant. Public records reflect that he was arraigned in Philadelphia Municipal Court on November 14, 2015, on robbery and other charges related to a robbery that took place on November 7, 2015. *See Commonwealth v. Baker*, MC-51-CR-0035553-2015. After a jury trial in the Philadelphia Court of Common Pleas, Baker was found guilty of robbery, theft by unlawful taking, and simple assault. *See Commonwealth v. Baker*, CP-51-CR-0002099-2016.

---

[1] The following allegations are taken from the Complaint and the public docket for Baker's underlying criminal proceeding.

1

He was acquitted of aggravated assault and terroristic threats, and the remaining charges were nolle prossed. *Id.* Baker was sentenced to nine to eighteen years of incarceration followed by an additional one to two years of incarceration.

In his Complaint, Baker indicates that he was identified as the perpetrator of the robbery on November 13, 2015. That identification was presumably used to support the arrest warrant for Baker. However, at trial on December 14, 2017, Soo Ja Kim "testified under oath on direct examination that she was shown photos by the Philadelphia Police Department, and positively identified another suspect that was clean-shaven, wearing a suit, overcoat." (Compl. at 9.)[2] Baker contends that the police officers who swore to the affidavit of probable cause supporting his arrest warrant failed to include this "exculpatory evidence of misidentification." (*Id.* at 8.) He asserts that, as a result of the false affidavit of probable cause, he "spent 3 years in prison, and counting." (*Id.* at 9.) Baker also alleges that the City failed to train its officers regarding procedures for including exculpatory evidence in affidavits and failed to supervise its officers.

In this civil action, Baker seeks a declaration that his rights were violated. He also seeks damages.

## II. STANDARD OF REVIEW

The Court grants Baker leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

[3] However, as Baker is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Baker is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court construes Baker's claims, which challenge his pretrial detention pursuant to the allegedly faulty arrest warrant, as arising under the Fourth Amendment. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."). As Baker is alleging unlawful detention pursuant to faulty process—as opposed to detention prior to legal process—his claims sound in a Fourth Amendment malicious prosecution claim. *See Noviho v. Lancaster Cty. of Pa.*, 683 F. App'x 160, 166 (3d Cir. 2017) (per curiam) ("Arrests made pursuant to a 'validly issued—if not validly supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)); *Morales v. Busbee*, 972 F. Supp. 254, 266 (D.N.J. 1997) ("The 'legal process' that separates a false arrest/imprisonment claim from a malicious prosecution claim may be in the form of an arrest warrant, an arraignment, or an indictment."); *see also Wallace v. Kato*, 549 U.S. 384, 390 (2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of

3

legal process"). Baker also appears to be raising due process claims based on allegations that the Defendant police officers withheld exculpatory evidence from him.

"To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Here, Baker alleges that his detention pursuant to the arrest warrant was illegal because the warrant omitted exculpatory information. He also alleges that the same exculpatory information was withheld from him in violation of his constitutional rights. However, Baker was ultimately convicted of the robbery and related crimes. As a result, the charges did not resolve in his favor

4

and success on his claims would necessarily imply the invalidity of his intact convictions. *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction."). Accordingly, the Court must dismiss Baker's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Baker will not be given leave to amend in this case because he cannot cure the defects in his claims. However, the dismissal will be without prejudice to Baker's refiling of his claims in a new lawsuit in the event his convictions are invalidated in the future. An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

WENDY BEETLESTONE, J.